IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                          1:18-cv-00623-JCH-LF

$57,586.00 IN U.S. CURRENCY,

    Defendant-in-rem,

and

VERNON GATLIN,

    Claimant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on three *sua sponte* orders to show cause issued to pro se claimant Vernon Gatlin. Docs. 32, 34, and 37. The Court issued the first order to show cause because Mr. Gatlin failed to attend a telephonic status conference scheduled for March 5, 2019 at 2:30 p.m. Doc. 32 ("first order"). Mr. Gatlin was required to respond to the first order by March 19, 2019, but failed to do so. Accordingly, the Court issued a second order to show cause for Mr. Gatlin's failure to comply with the Court's first order. Doc. 34 ("second order"). Mr. Gatlin was required to respond to the second order by April 1, 2019. *Id.* In response to the second order to show cause, Mr. Gatlin filed a notice of change of address which did not entirely satisfy the Court. The Court, therefore, set a telephonic hearing on the order to show cause which took place on May 6, 2019. Docs. 36, 38. Mr. Gatlin failed to attend the telephonic hearing. Doc. 38. The Court issued its third order to show cause for Mr. Gatlin's failure to attend the scheduled hearing. Doc. 37 ("third order").

The record indicates that all three of the Court's orders to show cause were mailed to Mr. Gatlin at his address of record. Mr. Gatlin changed his address of record on March 28, 2019. Doc. 35. However, in his notice of change of address, he acknowledged receipt of the second order to show cause. *See* Doc. 35, And both the order setting a hearing on the second order (Doc. 36) and the third order itself (Doc. 37) were sent to his current address. This is the third time Mr. Gatlin has failed to obey an order of the Court. Mr. Gatlin has not filed anything with the Court or participated in the prosecution of this case since filing his notice of change of address on March 28, 2019. Doc. 35.

The Court may issue any just orders, including sanctions authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party fails to appear at a scheduling or other pretrial conference, *see* FED. R. CIV. P. 16(f), or fails to obey a court order, *see* FED. R. CIV. P. 41(b). Rule 16(f) "indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Mulvaney v. Rivair Flying Serv., Inc. (In re Baker)*, 744 F.2d 1438, 1440 (10th Cir. 1984) (en banc)). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir.1992).

Before imposing dismissal as a sanction, a district court should evaluate the following factors on the record: "(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Gripe*, 312 F.3d at 1188 (summarizing

the *Ehrenhaus* factors). Dismissal as a sanction under Rule 16(f) should ordinarily be evaluated under the same factors. *See id.* "The factors do not create a rigid test but are simply criteria for the court to consider." *Id.* (citing *Ehrenhaus,* 965 F.2d at 921).

In this case, Mr. Gatlin failed to obey several orders of the Court. He failed to attend a scheduled status conference, a telephonic hearing, and failed to respond to two orders to show cause. Mr. Gatlin's failure to participate has not caused a high degree of prejudice to defendants. Although the government has expended time and money for counsel to attend the status conference and the telephonic hearing, the government has not expended an inordinate amount of time dealing with this case. Government counsel also indicated that Mr. Gatlin has not responded to any discovery requests. *See* Docs. 31, 38. Mr. Gatlin's lack of participation, however, does interfere with the judicial process. The case has been stymied by Mr. Gatlin's refusal to respond or participate. The prosecution of Mr. Gatlin's claim cannot move forward without his participation. Mr. Gatlin is culpable for violating the Court's orders. There is no indication that he did not receive the Court's orders, and—with the exception of the notice of change of address—no explanation why he has refused to abide by them. Finally, Mr. Gatlin was warned in the orders to show cause that sanctions—including dismissal—could be imposed. Doc. 32 at 1, Doc. 34 at 2, Doc. 37 at 2. Despite these warnings, Mr. Gatlin has ignored several orders of this Court, indicating that lesser sanctions would not be effective.

Because the *Ehrenhaus* factors weigh in favor of dismissal, I recommend that pro se claimant Vernon Gatlin's claim be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge